UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SINGH (A-241-304-150),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | Case No.  1:26-cv-3007 DC CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Gurpreet Singh (A-241-304-150), a noncitizen, filed a pro se, verified petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  (ECF No. 1.)  Petitioner argues that his detention violates the Immigration and Naturalization Act ("INA") and his due process rights under the Fifth Amendment.  (Id. (claims one and two).)  For the following reasons, this Court recommends that the petition be granted.

I.    **LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**II.    FACTUAL BACKGROUND[2]**

Petitioner is a native and citizen of India. (ECF No. 1 at 4.) Petitioner entered the United States in 2024 at the Canadian border. (Id.) Petitioner was immediately apprehended by immigration authorities and detained continuously since December 2024. (Id.)

An immigration judge granted petitioner INA withholding. (Id. at 4, 13.) Petitioner has an appeal pending before the Board of Immigration Appeals. (Id. at 5.) Petitioner has no criminal history. (Id.) During his detention, petitioner was not provided with a bond hearing. (Id.) Respondents do not contest petitioner's factual allegations. (See ECF No. 5.)

**III.    PROCEDURAL BACKGROUND**

Petitioner filed his habeas petition on April 21, 2026, along with a motion for temporary restraining order. (ECF Nos. 1, 2.) On April 22, 2026, respondents filed an opposition to the habeas petition and the motion for temporary restraining order. (ECF No. 5.) On May 15, 2026, the district court granted the motion for temporary restraining order, and issued a preliminary injunction on the same terms, and referred the matter to the assigned magistrate judge. (ECF No. 6.) On May 27, 2026, this Court granted petitioner ten days to file a reply. (ECF No. 7.) On May 27, 2026, respondents confirmed petitioner was released from detention on May 16, 2026. (ECF No. 8.) Petitioner did not file a reply. (See Docket.)

---

[2]  Petitioner filed a verified habeas petition. (ECF No. 1 at 9, 10-11 (Pet.'s Decl.)) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

**IV.     DISCUSSION**

On May 15, 2026, the district court granted petitioner's motion for a temporary restraining order finding that the district court had repeatedly rejected respondents' argument that petitioner was subject to mandatory detention as an "applicant for admission" pursuant to 8 U.S.C. § 1225(b)(2).  (ECF No. 6 (citing Selis Tinoco v. Noem, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); Labrador-Prato v. Noem, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025); D.L.C. v. Wofford, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026)).)  The district court found that respondents asserted no facts or legal arguments that would distinguish petitioner's case from Selis Tinoco, Labrador-Prato, and D.L.C.  (Id.)  Thus, for the reasons explained in those cited cases, the district court found petitioner was likely to succeed on the merits of his claim that his immigration detention violates his constitutional right to due process.  (Id.)  The district court then issued a preliminary injunction on the same grounds and terms as the temporary restraining order was issued.  (ECF No. 6.)  The district court referred this matter to the United States Magistrate Judge for further proceedings.  (Id.)

This Court provided petitioner an opportunity to file a reply to respondents' answer.  (ECF No. 7.)  Petitioner did not submit additional briefing.  (See Docket.)  Briefing is closed.

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner's re-detention was pursuant to INA's discretionary detention statute, 8 U.S.C. § 1226(a), not the mandatory detention statute, 8 U.S.C. § 1225, and respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (claims one and two).  See Selis Tinoco, 2025 WL 3567862; Labrador-Prato v. Noem, 2025 WL 3458802; D.L.C., 2026 WL 25511.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally

justified. This recommendation does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

**V.      CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Gurpreet Singh (A-241-304-150) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 3, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/sing3007.157.2241.imm

4